**GLOBAL LEGAL LAW FIRM**
James C. Huber (SBN 269488)
jhuber@attorneygl.com
Joshua J. Herndon (SBN 244106)
jherndon@attorneygl.com
322 Encinitas Blvd, Suite 200
Encinitas, CA 92024
Telephone: (888) 846-8901
Facsimile: (888) 846-8902

Attorneys for Plaintiff,
CARDFLEX, INC. d/b/a CLIQ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDFLEX, INC. d/b/a CLIQ,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL MANAGERS, LLC, a Delaware limited liability company; EVENTUS HOLDINGS, LLC, a Delaware limited liability company; PAYSAFE SERVICES (US) CORP D/B/A MERITCARD, a Delaware corporation; and CYNERGY DATA LLC D/B/A PRIORITY PAYMENT SYSTEMS, a Delaware limited liability company,<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiff Cardflex, Inc. d/b/a Cliq ("Cliq") alleges as follows:

## NATURE OF ACTION

1. Cliq brings this action to obtain a judicial declaration that the "redirection agreements" under which Cliq permitted defendants Paysafe Services Corp and Cynergy Data LLC to pay defendants Capital Managers LLC and Eventus Holdings LLC monthly revenue streams owed to Cliq are null, void, and without legal effect. Cliq further seeks an injunction directing all defendants to immediately effectuate the termination of these redirection agreements, and enjoining defendants Paysafe

1
VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Services Corp and Cynergy Data LLC from withholding future revenue streams from Cliq under these redirection agreements.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §1332. The matter in controversy subject to the declaratory and injunctive relief sought herein exceeds $75,000, exclusive of interest, attorneys' fees, and costs. There is complete diversity of citizenship between Plaintiff and the Defendants.

3. This Court may exercise general and/or specific personal jurisdiction over all the parties pursuant to California Code of Civil Procedure Section 410.10. All defendants are business entities conducting substantial, continuous, and systematic business activities in California.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District, the contracts at issue in this action were executed in this District, and the injury to Cliq alleged herein occurred and is occurring in this District.

5. Plaintiff files this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, to resolve an actual controversy between the parties.

## THE PARTIES

6. Cliq is a California corporation with its principal place of business in Costa Mesa, California.

7. Upon information and belief, Capital Managers LLC ("Capital Managers") is a Delaware limited liability company, and is a shell company with no principal place of business.

8. Upon information and belief, Eventus Holdings LLC ("Eventus Holdings") is Delaware limited liability company, and is a holding company with its principal place of business in Portland, Oregon.

9. Upon information and belief, Paysafe Services (US) Corp d/b/a

MeritCard ("Paysafe") is a Delaware corporation with its principal place of business in Dallas, Texas.

10. Upon information and belief, Cynergy Data LLC d/b/a Priority Payment Systems ("Priority") is a Delaware limited liability company with its principal place of business in Alpharetta, Georgia. Priority is registered to do business in California.

## FACTUAL BACKGROUND

### *The Electronic Payment Processing Industry*

11. Cliq and all defendants are businesses participating in the electronic payment processing industry. When consumers use credit or debit cards to pay merchants for goods or services, the merchants relay transaction data to payment processors. Payment processors analyze the transaction data and relay the data to banks for payment.

12. Defendants Paysafe and Priority are payment processors.

13. Cliq is an Independent Sales Organization ("ISO"). An ISO solicits and onboards new merchants with payment processors, and provides services to existing merchants.

### *The ISO Agreements*

14. On August 7, 2017 or September 5, 2017, Cliq and Paysafe entered into that certain "BIN Transfer Agreement" ("First Paysafe ISO Agreement"), under which Cliq was entitled to receive monthly commissions from Paysafe, earned by Cliq for soliciting and onboarding merchants with Paysafe.

15. On October 9, 2017, Cliq and Paysafe entered into that certain "Independent Contractor Agreement" ("Second Paysafe ISO Agreement"), under which Cliq was entitled to receive monthly commissions from Paysafe, earned by Cliq for soliciting and onboarding merchants with Paysafe.

16. On October 5, 2011, Cliq and Priority entered into that certain "ISO Processing Agreement" ("Priority ISO Agreement"), under which Cliq was entitled to receive monthly commissions from Priority, earned by Cliq for soliciting and

1  onboarding merchants with Priority.

2  17.  These commissions are referred to in all agreements mentioned herein as a "residual revenue stream," "residual payments," or simply "residuals".

### *The Portfolio Purchase Agreements*

18.  On October 19, 2017, Cliq and Capital Managers entered into that certain "Portfolio Purchase Agreement" ("PPA-1"). Cliq entered the PPA-1 with the understanding that it was a loan agreement. Under the PPA-1, in exchange for Capital Managers' agreement to conditionally pay to Cliq over 60 months an amount, referenced therein as "Purchase Price", totaling $2,347,782, Cliq agreed to assign to Capital Managers Cliq's right to receive two residual revenue streams - under the First Paysafe ISO Agreement and the Priority ISO Agreement - and to guarantee that these residual revenue streams would produce a total income of $3,887,042 over 60 months. Under the PPA-1, Capital Managers was required to remit to Cliq each month all residual payments in excess of Cliq's repayment obligation for that month.

19.  On December 4, 2017, Cliq and Capital Managers entered into another "Portfolio Purchase Agreement" ("PPA-2"). Cliq entered the PPA-2 with the understanding that it was a loan agreement. Under the PPA-2, in exchange for Capital Managers' agreement to conditionally pay to Cliq over 60 months an amount, referenced therein as "Purchase Price", totaling $1,591,500, Cliq agreed to assign to Capital Managers Cliq's right to receive three residual revenue streams - under the First Paysafe ISO Agreement, Second Paysafe ISO Agreement, and Priority ISO Agreement - and to guarantee that these residual revenue streams would produce a total income of $2,635,087. Under the PPA-2, Capital Managers was required to remit to Cliq each month all residual payments in excess of Cliq's repayment obligation for that month.

20.  On October 16, 2019, Cliq and Eventus Holdings entered into that certain "Portfolio Purchase Agreement" ("PPA-3"). Cliq entered the PPA-3 with the understanding that it was a loan agreement. Under the PPA-3, in exchange for Eventus

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD, SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

Holdings' agreement to conditionally pay to Cliq over 60 months an amount, referenced therein as "Purchase Price", totaling $1,650,182, Cliq agreed to assign to Eventus Holdings Cliq's right to receive three residual revenue streams - under the First Paysafe ISO Agreement, Second Paysafe ISO Agreement, and Priority ISO Agreement - and to guarantee that these residual revenue streams would produce a total income of $2,304,892. Under the PPA-3, Eventus Holdings was required to remit to Cliq each month all residual payments in excess of Cliq's repayment obligation for that month.

21. PPA-1, PPA-2, and PPA-3 are referred to herein collectively as the "PPAs". The repayment obligation under each of these PPAs is referred to herein as Excess Residuals.

### *The Redirection Agreements*

22. On October 20, 2017, Paysafe entered into that "Residual Redirection Agreement" with Cliq and Capital Managers ("First Paysafe Redirection Agreement"), under which Paysafe redirected and paid Residual Payments to Capital Managers, funds that Paysafe owed to Cliq under the First Paysafe ISO Agreement. A true and correct copy of the First Paysafe Redirection Agreement is attached hereto as **Exhibit 1**.

23. On January 16, 2018, Paysafe entered into that "Redirection Agreement" with Cliq and Capital Managers ("Second Paysafe Redirection Agreement"), under which Paysafe redirected and paid Residual Payments to Capital Managers, funds that Paysafe owed to Cliq under the Second Paysafe ISO Agreement. A true and correct copy of the Second Paysafe Redirection Agreement is attached hereto as **Exhibit 2**.

24. On November 29, 2017, Priority entered into that "Direction Agreement" with Cliq and Capital Managers ("Priority Redirection Agreement"), under which Priority redirected and paid Residual Payments to Capital Managers, funds that Priority owed to Cliq under the Priority ISO Agreement. A true and correct copy of the Priority Redirection Agreement is attached hereto as **Exhibit 3**.

### *The Redirection Agreements as Referenced in the Portfolio Purchase Agreements*

25. The PPA-1 (between Cliq and Capital Managers) references the First Paysafe ISO Agreement and the Priority ISO Agreement. The PPA-1 does not reference the First Paysafe Redirection Agreement or the Priority Redirection Agreement.

26. The PPA-2 (between Cliq and Capital Managers) references the First Paysafe ISO Agreement, the Second Paysafe ISO Agreement, and the Priority ISO Agreement. The PPA-2 does not reference the First Paysafe Redirection Agreement, the Second Paysafe Redirection Agreement, or the Priority Redirection Agreement.

27. The PPA-3 (between Cliq and Eventus Holdings) references the First Paysafe ISO Agreement, the Second Paysafe ISO Agreement, and the Priority ISO Agreement. The PPA-3 does not reference the First Paysafe Redirection Agreement, the Second Paysafe Redirection Agreement, or the Priority Redirection Agreement.

28. Upon information and belief, no redirection agreement exists that requires or permits either Paysafe or Priority to pay Eventus Holdings any residual revenue stream owed to Cliq.

### *Breach of Contract and Ensuing Lawsuit*

29. In January 2021, Capital Managers and Eventus Holdings began withholding from Cliq payments of the Purchase Price and Excess Residuals, and have continued to do so to the present day, in direct breach of the PPA-1, PPA-2, and PPA-3.

30. On September 13, 2021, Cliq filed an action against Capital Managers, Eventus Holdings, and other defendants in the Superior Court of California, Orange County, Case No. 30-2021-01220754-CU-BC-CJC ("Companion Case".) A true and correct copy of the original complaint filed in the Companion Case is attached as **Exhibit 4**. In the Companion Case, Cliq brought, among other claims, causes of action against Capital Managers for breach of the PPA-1 and PPA-2, and against Eventus Holdings for breach of the PPA-3 (collectively the "PPAs"). Cliq brought these causes

of action for breach of contract to recover the withheld payments of Purchase Price and Excess Residuals. The PPAs are attached to the complaint as shown in Exhibit 4.

31. On October 29, 2024, after a six-week trial, the jury returned a verdict ("Verdict") awarding Cliq $5,400,000 against Capital Managers and Eventus Holdings for breaches of the PPA-1, PPA-2, and PPA-3, as well as additional damages for other claims and against other defendants; the jury awarded those defendants nothing on their cross-claims against Cliq. The Verdict is incorporated into Cliq's Proposed Judgment in the Companion Case, a true and correct copy of which is attached as **Exhibit 5**.

### *Cliq's Post-Trial Demands to Defendants*

32. On October 30, 2024, Cliq demanded that Capital Managers and Eventus Holdings immediately cause the termination of the First Paysafe Redirection Agreement, the Second Paysafe Redirection Agreement, and the Priority Redirection Agreement. Both Capital Managers and Eventus Holdings expressly refused to comply with any of these demands.

33. On or about October 31, 2024, Cliq demanded that Paysafe terminate the First Paysafe Redirection Agreement and the Second Paysafe Redirection Agreement, so that Cliq would continue to receive the residual revenue streams to which Cliq is entitled under the First Paysafe ISO Agreement and the Second Paysafe ISO Agreement. Paysafe indicated that Paysafe would do so only if Cliq filed legal action against Paysafe to terminate those redirection agreements.

34. On or about October 31, 2024, Cliq demanded that Priority terminate the Priority Redirection Agreement, so that Cliq would continue to receive the residual revenue streams to which Cliq is entitled under the Priority ISO Agreement. Priority indicated that Priority would do so only if Cliq filed legal action against Priority to terminate that redirection agreement.

///

///

## FIRST CAUSE OF ACTION

### (Declaratory Judgment – Redirection Agreements)

35. Cliq repeats and realleges the foregoing paragraphs as if fully set forth herein, and further alleges as follows:

36. The jury verdict in *Cliq v. Capital Managers, et al,* Case No. 30-2021-01220754-CU-BC-CJC, determined that Capital Managers had materially breached the PPA-1 and PPA-2, and that Eventus Holdings had materially breached the PPA-3.

37. Because the First Paysafe Redirection Agreement, the Second Paysafe Redirection Agreement, and the Priority Redirection Agreement were all entered into by the parties based on the expected and continued performance of obligations by Capital Managers and Eventus Holdings under the PPA-1, PPA-2, and PPA-3, and because that those parties were found to have materially breached their respective portfolio purchase agreements, Cliq is entitled to an order declaring that each of these redirection agreements is invalid, null, void, and of no legal effect.

## SECOND CAUSE OF ACTION

### (Injunctive Relief – Redirection Agreements)

38. Cliq repeats and realleges the foregoing paragraphs as if fully set forth herein, and further alleges as follows:

39. Cliq is entitled to an order enjoining Paysafe and Priority from making any additional payment(s) of residuals belong to Cliq to Capital Managers or Eventus Holdings under the First Paysafe Redirection Agreement, the Second Paysafe Redirection Agreement, and the Priority Redirection Agreement.

40. Cliq is entitled to an order requiring Paysafe and Priority to resume payments of monthly residuals to Cliq as required under the First Paysafe ISO Agreement, Second Paysafe ISO Agreement, and the Priority ISO Agreement.

## PRAYER

**WHEREFORE**, Cliq respectfully prays as follows:

1. That the Court determine, adjudge, and declare that the First Paysafe

Redirection Agreement is null, void, and of no legal effect;

    2.    That the Court determine, adjudge, and declare that the Second Paysafe Redirection Agreement is null, void, and of no legal effect;

    3.    That the Court enter an order directing Paysafe to cease any and all payment to Eventus Holdings or Capital Managers under the First Paysafe Redirection Agreement, Second Paysafe Redirection Agreement, or any other agreement to which Cliq is a party, and to restore all payment of residual revenue streams to Cliq as required under the First Paysafe ISO Agreement and Second Paysafe ISO Agreement;

    4.    That the Court enter an order directing Eventus Holdings and Capital Managers to remit any and all payment made after the entry of the order to them from Paysafe under the First Paysafe Redirection Agreement, Second Paysafe Redirection Agreement, and any other similar redirection agreement to which Cliq is a party, to restore all payment of residual revenue streams to Cliq as required under the First Paysafe ISO Agreement and Second Paysafe ISO Agreement, and to stop accepting all such payments in the future;

    5.    That the Court determine, adjudge, and declare that the Priority Redirection Agreement is null, void, and of no legal effect;

    6.    That the Court enter an order directing Priority to cease any and all payment to Eventus Holdings or Capital Managers under the Priority Redirection Agreement and any other agreement to which Cliq is a party, and to restore all payment of residual revenue streams to Cliq as required under the Priority ISO Agreement;

    7.    That the Court enter an order directing Eventus Holdings and Capital Managers to remit any and all payment made after the entry of the order to them from Priority under the Priority Redirection Agreement and any other similar redirection agreement to which Cliq is a party, to restore all payment of residual revenue streams to Cliq as required under the Priority ISO Agreement, and to stop accepting all such payments in the future;

    8.    That the Court grant such other and further relief as the Court deems to

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD, SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

be just and proper.

## VERIFICATION

I am the owner, director, and chief executive officer of Plaintiff Cardflex, Inc. d/b/a Cliq, a party to this action. I am authorized to make this verification on Plaintiff's behalf. I have read the foregoing Complaint For Declaratory Judgment And Injunctive Relief and know its contents. I am informed and believe and on that ground allege that the matters stated in the Complaint For Declaration Judgment And Injunctive Relief are true and correct. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on November 25, 2024, at Costa Mesa, California.

*Andy Phillips*
_____
Andrew Phillips, on behalf of
Cardflex, Inc. d/b/a Cliq


Respectfully submitted,

Dated: November 25, 2024        **GLOBAL LEGAL LAW FIRM**

By: _____
James C. Huber, Esq.
Joshua J. Herndon, Esq.
Chuanchi "Tren" Tang, Esq.
Attorneys for Plaintiff
CARDFLEX, INC. d/b/a CLIQ